UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

S.R. and M.C. on behalf of M.C., et. al.,

                Plaintiffs,                    **CASE NO.  08 CIV 1035 (LAK)**

    -against-

THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK,

                Defendant.

------------------------------------------------------------X

## RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, through her attorney Stewart Lee Karlin, responds to the order to show cause as follows:

1. The Court issued an order to show cause as to why the plaintiffs should not be named in the caption pursuant to Federal Rule of Civil Procedure 10.

2. This action is being brought pursuant to the provisions of 20 U.S.C § 1400 et. seq. more commonly known as the Individuals with Disabilities Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-(G). More specifically, this action seeks to assess, adjudicate, and fix plaintiffs' entitlement to statutorily recoverable attorneys' fees and the related costs and disbursements associated with "substantially prevailing party" status following an administrative due process proceeding involving the provision of a free and appropriate public education (hereinafter "FAPE") to a handicapped child.

3. Under existing statutory law, the name of the child and parent is confidential

absent consent to waive confidentially. Put simply, the plaintiffs are not named expressly herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99. See also 34 C.F.R. 571 and 622.

4. In each claim asserted in the complaint, there is specific allegation making it clear that the confidentiality of the handicapped child who sought special education and related services was invoked and not waived by filing this Court action. See Complaint ¶¶ 7, 30. 47, 63, 79, 95, 11, 127 etc...

5. Thus, it is respectfully requested that the order to show be discharged and that the plaintiffs not be required to be named in the caption.

WHEREFORE, the plaintiffs respectfully submit that the order to show cause be discharged and any other relief that is just and equitable.

Dated: New York, New York
    February 21, 2008                                    Respectfully submitted,

                                                         s/ Stewart Lee Karlin
                                                        Stewart Lee Karlin
                                                        Attorney at Law
                                                        9 Murray Street, Suite 4W
                                                        New York, N.Y. 10007
                                                        (212) 732-9450