UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
S.R. and M.C. on behalf of M.C., et al.,

                Plaintiffs,

      -against-                           08 Civ. 1035 (LAK)

THE BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/08
```

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

       This is an action to recover attorneys' fees and related costs and disbursements under the Individuals with Disabilities Education Improvement Act, 20 U.S.C. § 1400 *et seq.* ("IDEA") on behalf of unidentified plaintiffs who claim to have been substantially prevailing parties in administrative hearings involving the provision of services to handicapped children.

       On February 13, 2008, the Court directed plaintiffs to show cause, on or before February 22, 2008, why an order should not be entered requiring that the complaint and the caption be amended so as to set forth the names of all of the parties in accordance with Fed. R. Civ. P. 10(a).

       Plaintiffs' response, insofar as it is relevant, states only this:

> "Under existing statutory law, the name of the child and parent is confidential absent consent to waive confidentially [*sic*]. Put simply, the plaintiffs are not named expressly herein by their given names because the privacy guarantees provided in the IDEA statute, as well as the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99 [*sic*]. See also 34 C.F.R. 571 and 622."

2

With due respect, this response is insufficient and, indeed, perhaps cavalier:

- There is no section 1232(g) of title 20 of the United States Code. While there is a section 1232g of title 20, and while that section addresses, among other things, the privacy rights that must be made available by educational agencies and institutions with respect to educational records in order for them to receive federal funds, the Court has found nothing addressing the question whether an individual who commences a lawsuit in federal court to recover attorneys fees and other costs in administrative proceedings is exempted from Fed. R. Civ. P. 10(a).

- Part 99 of title 34 of the Code of Federal Regulations, which covers 15 closely printed pages, consists of regulations governing, insofar as is relevant here, disclosure by educational agencies and institutions of personally identifiable information from education records. The Court sees nothing relating to the disclosure of his or her identity in a complaint in federal court by a plaintiff seeking to recover attorneys fees with respect to administrative hearings.

- The Court has found no 34 C.F.R. § 571, § 622, part 571, or part 622.

Thus, it appears that there is nothing in any of the statutes and regulations to which plaintiffs' counsel has referred, to the extent they exist at all, that bears on the question at hand. This leaves the Court with Rule 10(a) itself.

Rule 10(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading must have a caption with . . . the title" which in turn "must name all the parties . . . ." Nevertheless,

3

courts have recognized that individual privacy concerns justify withholding party identities from the public record, albeit only in exceptional cases.[1] At least two judges of this Court have identified the following factors as relevant to the determination:

> "(1) whether the plaintiff is challenging government activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced."[2]

And while other factors also may be relevant, these certainly are an appropriate starting point for analysis.

In this case, plaintiffs are not challenging government activity; they seek only attorneys fees and costs, a matter that goes only to whether they were substantially prevailing parties and the value of the services of their attorneys. The litigation of these matters would not appear to involve disclosure of any intimate facts. Certainly plaintiffs would not be obliged to disclose illegal conduct and thereby risk criminal prosecution, and it has not been suggested that plaintiffs would risk injury if their identities were disclosed. Finally, there is a palpable risk of prejudice to the defendant in that a failure to identify the plaintiffs could deprive them of the ability to invoke the principle of former adjudication in defense of a duplicative claim, as they perhaps would be unable to establish the requisite identity of parties.

---

[1] *See, e.g., Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992); *Barth v. Kaye*, 178 F.R.D. 371, 376 (N.D.N.Y. 1998); *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996).

[2] *Mateer v. Ross, Suchoff, Egert, Hankin, Maidenbaum & Mazel, P.C.*, No. 96 CV 1756 (LAP), 1997 WL 171011, at *6 (S.D.N.Y. April 10, 1997) (quoting *Doe v. Shakur*, 164 F.R.D. at 361 (Chin, J.)).

4

Given the response to the Court's order to show cause, the Court is unable to conclude that the circumstances here are sufficiently extraordinary to warrant allowing plaintiffs to proceed without identifying themselves in the caption. Accordingly, plaintiffs, on or before March 3, 2008, shall file either (a) an amended complaint complying in all respects with Fed. R. Civ. P. 10(a), or (b) a stipulation with defendants, should defendants agree, providing for identification of all plaintiffs in a document provided to defendants and filed under seal with the Clerk, in which event the action may proceed under the existing caption. In the absence of either, the action will be dismissed.

SO ORDERED.

Dated:     February 25, 2008

_____
Lewis A. Kaplan
United States District Judge