Stewart Lee Karlin, Esq. (SK3720)
Attorney for Plaintiff
9 Murray Street, Suite 4 West
New York, N.Y. 10007
(212) 732-9450

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

SUSAN RAMER and MARK COLEMAN on behalf
of MILES COLEMAN, MARSHA MASON on behalf
of ELIAS GOLDMAN, GAIL MCCRAY on behalf of
MARK SHEPARD MCCRAY, SAUITS DEOPERSAUD
AND ANANTROM DEOPERSAUD on behalf of
EMILY DEOPERSAUD, LISA KAUFMAN on behalf of
EMILY ISAAC, DEBORAH STARK AND ANTHONY STARK on
behalf of ALESSANDRA STARK, PEARL PERLSTEIN on behalf of
AARON PERLSTEIN, JOSHUA BAUMAN AND KATHRYN
BAUMAN on behalf of WILLIAM BAUMAN, CAROLINE RAMPONE on
behalf of JOSEPH RAMPONE, MARK KOURETSOS on behalf
of CAROLINE KOURETSOS, SANDRA TURNER on behalf of MALCOLM
TURNER, DIANE SCHOTTENSTEIN on behalf of JESSICA
SCHOTTENSTEIN, BECKY MODE AND CHRIS ERICKSON
on behalf of LEO ERICKSON, DEBORAH BARALL on behalf of
JASON BARALL, CEDRIC ROSE AND ANGELA DECASTRO
on behalf of NILE DECASTRO-ROSE, CLAUDIA KESTENBERG
on behalf of TAL KESTENBERG AND BRAD PRUNTY
and TONY RUSSO on behalf of PABLO PRUNTY RUSSO.

                    Plaintiffs,                         CASE NO.  08 CIV 1035 (LAK)

          -against-

THE BOARD OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK,

                    Defendant.

-------------------------------------------------------------X

**AMENDED COMPLAINT AS TO CAPTION ONLY**

Plaintiffs by their attorney, Stewart Lee Karlin, as and for their Complaint against

1

defendant, the Board of Education of the City of New York alleges the following:

## AS AND FOR A FIRST CAUSE OF ACTION-MILES COLEMAN

1.      This action seeks to assess, adjudicate, and fix plaintiffs' entitlement to statutorily recoverable attorneys' fees and the related costs and disbursements associated with "substantially prevailing party" status following an administrative due process proceeding involving the provision of a free and appropriate public education (hereinafter "FAPE") to a handicapped child.   This action is being brought pursuant to the provisions of 20 U.S.C § 1400 et. seq. more commonly known as the Individuals with Disabilities Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-(G).

2.      This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415 (i)(3)(A)-(G) and *A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the amount in controversy.

3.      Pursuant to §§ 1415 (i)(3)(A)-(G) plaintiffs S.R. and M.C. should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 106865 conducted by defendant's Impartial Hearing Office in New York.

4.      Venue properly lies in this district as defendant has offices located in this district.

5.      M.C. is a minor child who has been classified as emotionally disturbed.  He is, and at all relevant times has been, a student within the Department of Education of the City of New York entitled to all the rights and procedural safeguards, mandated by applicable law and statutes, including but not limited to the IDEIA and the New York State Education Law.

2

6.      S.R. and M.C. are the parents of M.C. and also reside within the areas serviced by the Department of Education of the City of New York.

7.      Plaintiffs S.R. and M.C. and their son, M.C. are not expressly named herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

8.      Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education to M.C. pursuant to statutory rights as a student with a disability.

9.      On or about September 19, 2006, plaintiffs initiated an administrative due process proceeding against the defendant, in order to secure reimbursement relief, as well as other relief pursuant to the IDEIA.

10.      Following a period of preparation and evidentiary disclosures, and the preparation of a detailed request for a hearing alleging FAPE violations, Neal Howard Rosenberg, Esq. and Karen Newman, Esq. represented the plaintiffs in an evidentiary hearing on March 12, 2007 with all the attendant preparation and incidental follow-up. At the hearing, pursuant to the United States Supreme Court's decision in *Schaffer v. Weast* 546 U.S. 49, (2005), plaintiffs bore the burden of persuasion on all three prongs of the Burlington/Carter test for reimbursement relief

11.      By Finding of Fact and Decision dated June 1, 2007, the IHO rendered an award in favor of M.C. establishing plaintiffs as the substantially prevailing party in the administrative due process proceeding. The Decision provided for significant financial relief. Defendant never appealed from the underlying administrative decision; thus the Decision became final and non-appealable.

3

12.     Due to plaintiffs' status as substantially prevailing party, plaintiffs are entitled to attorneys' fee and costs, both from the administrative proceeding and in this action.

13.     The Courts have expressly recognized Neal Rosenberg and the attorneys in his office, as having a special expertise in special education matters and the fees being requested by plaintiffs are reasonable and appropriate.[1]

14.     Necessary duties involved with preparing M.C.'s case for an administrative hearing included, but were not limited to (a) communicating with both parents and other potential witnesses; (b) reviewing educational records; (c) convening telephone conferences; (d) writing and filing a detailed impartial due process request; (e) reviewing and disclosing documentary information relevant to M.C.'s claims and any potential defenses; (f) scheduling and preparing witnesses to testify at the hearing; (g) developing an effective case presentation; (h) attending an administrative trial including the presentation of direct testimony and preparation for cross examination of witnesses produced at the hearing by the DOE. In addition, plaintiffs' new counsel is now incurring time and disbursements in connection with this action.

15.     Plaintiffs have attempted to resolve this matter informally but have been

---

[1]Attached as Exhibit "A" is the CV of Neal Howard Rosenberg, Esq. As the Court can readily gleam, Mr. Rosenberg has devoted his entire professional career representing learning disabled children. He has secured help for literally thousands of disabled children. He is the preeminent attorney in special education law in the United States. Attached as Exhibit "B" is the CV of Alexandra Hindes, Esq. Ms. Hindes has spent her entire career exclusively in the special education field and should also be considered an expert. Attached as Exhibit "C" is the CV of Karen Newman and Exhibit "D" Nathaniel Kuzma who also have been working exclusively in this field. This footnote should be incorporated into each and every cause of action set forth in this complaint.

unable to do so.  In fact, the DOE is simply "dragging their feet" in an effort to avoid its

obligation to pay legal fees to the parents who successfully prevailed in IDEIA case.

16.    The plaintiffs have complied with all conditions precedent to the bringing

of this action, and has complied with all the provisions of the Charter of the City of New

York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon

the Comptroller of the City of New York of their intention to sue upon the claim set forth,

and more than thirty days have elapsed since the presentation of said Notice of Claim, and

that said claim remains unadjusted, and that the Comptroller has failed and/or refused to

make any adjustments thereof, and this action has been commenced within the time

provided for in the statute and act thereof.[2]

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award

Plaintiffs' statutory fees and related costs and disbursements from the IDEIA

administrative due process matter  (b) award plaintiffs their attorneys' fees and related cost

and disbursement of this action to be set by this Court,  and award plaintiffs such other,

further and different relief as the Court deems appropriate under the circumstances.

### AS AND FOR A SECOND CAUSE OF ACTION-ELIAS GOLDMAN

24.    This action seeks to assess, adjudicate, and fix plaintiff's entitlement to

statutorily recoverable attorneys' fees and the related costs and disbursements associated

---

[2]Plaintiff submits that like other federal statutes authorizing the payment of attorney fees such as Title VII, the payment of legal fees does not require a notice of claim be filed with the City of New York under IDEA.  This is because of the waiver of sovereign immunity.  However, in an abundance of caution, Plaintiff (s) filed a separate notice of claim for each fee application. The fact that plaintiff filed a notice of claim, should not in anyway be construed as admission that a notice of claim was required by law.

with "substantially prevailing party" status following an administrative due process proceeding involving the provision of a free and appropriate public education (hereinafter "FAPE") to a handicapped child. This action is being brought pursuant to the provisions of 20 U.S.C § 1400 et. seq. more commonly known as the Individuals with Disabilities Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-(G).

25.     This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415 (i)(3)(A)-(G) and *A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the amount in controversy.

26.     Pursuant to §§ 1415 (i)(3)(A)-(G) plaintiff should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 109434 conducted by defendant's Impartial Hearing Office in New York.

27.     Venue properly lies in this district as defendant has offices located in this district.

28.     E.G. is a minor child who has been classified as having a learning disability. He is, and at all relevant times has been, a student within the Department of Education of the City of New York entitled to all the rights and procedural safeguards, mandated by applicable law and statutes, including but not limited to the IDEIA and the New York State Education Law.

29.     M.M. is the parent of E.G. and also resides within the areas serviced by the Department of Education of the City of New York.

30.     Plaintiff M.M. and her son, E.G. are not expressly named herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the

Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

31.    Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education to E.G. pursuant to statutory rights as a student with a disability.

33.    On or about February 13, 2007, plaintiff initiated an administrative due process proceeding against the defendant, in order to secure reimbursement relief, as well as other relief pursuant to the IDEIA.

34.    Following a period of preparation and evidentiary disclosures, and the preparation of a detailed request for a hearing alleging FAPE violations, Neal Howard Rosenberg, Esq. and Karen Newman, Esq. represented the plaintiff in an evidentiary hearing on May 18 and 21, 2007 with all the attendant preparation and incidental follow-up.  At the hearing, pursuant to the United States Supreme Court's decision in *Schaffer v. Weast* 546 U.S. 49, (2005), plaintiff bore the burden of persuasion on all three prongs of the Burlington/Carter test for reimbursement relief

35.    By Finding of Fact and Decision dated June 13, 2007, the IHO rendered an award in favor of E.G. establishing plaintiff as the substantially prevailing party in  the administrative due process proceeding.  The Decision provided for significant financial relief.  Defendant never appealed from the underlying administrative decision; thus the Decision became final and non-appealable.

36.    Due to plaintiff's status as substantially prevailing party, plaintiff is entitled to attorneys' fee and costs, both from the administrative proceeding and in this action.

37.    The Courts have expressly recognized Neal Rosenberg and the attorneys

in his office, as having a special expertise in special education matters and the fees being requested by plaintiff is reasonable and appropriate.

38.    Necessary duties involved with preparing E.G..'s case for an administrative hearing included, but were not limited to (a) communicating with the parent, grandparents and other potential witnesses;  (b) reviewing educational records;  (c) convening telephone conferences;  (d)  writing and filing a detailed impartial due process request;  (e)  reviewing and disclosing documentary information relevant to M.C.'s  claims and any potential defenses;  (f)  scheduling and preparing witnesses to testify at the hearing;  (g)  developing an effective case presentation;  (h)  attending an administrative trial including the presentation of direct testimony and preparation for cross examination of witnesses produced at the hearing by the DOE.   In addition, plaintiff's new counsel is now incurring time and disbursements in connection with this action.

39.    Plaintiff has attempted to resolve this matter informally but has not been able to do so.  In fact, the DOE is simply "dragging their feet" in an effort to avoid its obligation to pay legal fees to the parents who successfully prevailed in IDEIA case.

40.    The plaintiff has complied with all conditions precedent to the bringing of this action, and has complied with all the provisions of the Charter of the City of New York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon the Comptroller of the City of New York of their intention to sue upon the claim set forth, and more than thirty days have elapsed since the presentation of said Notice of Claim, and that said claim remains unadjusted, and that the Comptroller has failed and/or refused to make any adjustments thereof, and this action has been commenced within the time provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award plaintiff her statutory fees and related costs and disbursements from the IDEIA administrative due process matter  (b) award plaintiff her attorneys' fees and related cost and disbursement of this action to be set by this Court,  and award plaintiff such other, further and different relief as the Court deems appropriate under the circumstances.

**AS AND FOR A THIRD CAUSE OF ACTION-MARK SHEPARD MCCRAY**

41.    This action seeks to assess, adjudicate, and fix plaintiff's entitlement to statutorily recoverable attorneys' fees and the related costs and disbursements associated with "substantially prevailing party" status following an administrative due process proceeding involving the provision of a free and appropriate public education (hereinafter "FAPE") to a handicapped child.   This action is being brought pursuant to the provisions of 20 U.S.C § 1400 et. seq. more commonly known as the Individuals with Disabilities Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-(G).

42.    This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415 (i)(3)(A)-(G) and *A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the amount in controversy.

43.    Pursuant to §§ 1415 (i)(3)(A)-(G) plaintiff  should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 109768 conducted by defendant's Impartial Hearing Office in New York.

44.    Venue properly lies in this district as defendant has offices located in this district.

45.    M.S.M. is a minor child who has been classified as having multiple

9

handicaps.  He is, and at all relevant times has been, a student within the Department of

Education of the City of New York entitled to all the rights and procedural safeguards,

mandated by applicable law and statutes, including but not limited to the IDEIA and the

New York State Education Law.

46.    G.M. is the parent of M.S.M. and also resides within the areas serviced by

the Department of Education of the City of New York.

47.    Plaintiff G.M. and her  son, M.S.M. are not expressly named herein by their

given names because the privacy guarantees provided in the IDEA statute, as well as in the

Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

48.    Defendant is a local educational agency that continues to have the

responsibility to provide a free and appropriate public education to M.S.M. pursuant to

statutory rights as a student with a disability.

49.    On or about March 21, 2007, plaintiff initiated an administrative due

process proceeding against the defendant, in order to secure reimbursement relief, as well

as other relief pursuant to the IDEIA.

50.    Following a period of preparation and evidentiary disclosures, and the

preparation of a detailed request for a hearing alleging FAPE violations, Nathaniel Kuzma,

Esq. from the Law of Neal Howard Rosenberg represented the plaintiff in an evidentiary

hearing on June 18 , 2007 with all the attendant preparation and incidental follow-up.  At

the hearing, pursuant to the United States Supreme Court's decision in *Schaffer v. Weast*

546 U.S. 49, (2005), plaintiff bore the burden of persuasion on all three prongs of the

Burlington/Carter test for reimbursement relief

51.    By Finding of Fact and Decision dated July 10, 2007, Impartial Hearing

Officer Murray Diamond, Esq. rendered an award in favor of M.S.M. establishing plaintiff as the substantially prevailing party in the administrative due process proceeding. The Decision provided for significant financial relief to provide tutorial services to M.S.M. Defendant never appealed from the underlying administrative decision; thus the Decision became final and non-appealable.

52.    Due to plaintiff's status as substantially prevailing party, plaintiff is entitled to attorneys' fee and costs, both from the administrative proceeding and in this action.

53.    The Courts have expressly recognized Neal Rosenberg and the attorneys in his office, as having a special expertise in special education matters and the fees being requested by plaintiff is reasonable and appropriate.

54.    Necessary duties involved with preparing M.S.M.'s case for an administrative hearing included, but were not limited to (a) communicating with the parent, and other potential witnesses; (b) reviewing educational records; (c) convening telephone conferences; (d) writing and filing a detailed impartial due process request; (e) reviewing and disclosing documentary information relevant to M.C.'s claims and any potential defenses; (f) scheduling and preparing witnesses to testify at the hearing; (g) developing an effective case presentation; (h) attending an administrative trial including the presentation of direct testimony and preparation for cross examination of witnesses produced at the hearing by the DOE. ( See Exhibit 3-B is a copy of the bill submitted to the DOE) In addition, plaintiff's new counsel is now incurring time and disbursements in connection with this action.

55.    Plaintiff has attempted to resolve this matter informally but has not been

11

able to do so.  In fact, the DOE is simply "dragging their feet" in an effort to avoid its

obligation to pay legal fees to the parent who successfully prevailed in IDEIA case.

56.    That the plaintiff has complied with all conditions precedent to the bringing

of this action, and has complied with all the provisions of the Charter of the City of New

York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon

the Comptroller of the City of New York of their intention to sue upon the claim set forth,

and more than thirty days have elapsed since the presentation of said Notice of Claim, and

that said claim remains unadjusted, and that the Comptroller has failed and/or refused to

make any adjustments thereof, and this action has been commenced within the time

provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award

plaintiff her statutory fees and related costs and disbursements from the IDEIA

administrative due process matter  (b) award plaintiff her attorneys' fees and related cost

and disbursement of this action to be set by this Court,  and award plaintiff such other,

further and different relief as the Court deems appropriate under the circumstances.

### AS AND FOR A FOURTH CAUSE OF ACTION-EMILY DEOPERSAUD

57.    This action seeks to assess, adjudicate, and fix plaintiffs' entitlement to

statutorily recoverable attorneys' fees and the related costs and disbursements associated

with "substantially prevailing party" status following an administrative due process

proceeding involving the provision of a free and appropriate public education (hereinafter

"FAPE") to a handicapped child.   This action is being brought pursuant to the provisions

of 20 U.S.C ß 1400 et. seq. more commonly known as the Individuals with Disabilities

Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C.  §§1415 (i)(3)(A)-

12

(G).

58.     This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415 (i)(3)(A)-(G) and *A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the amount in controversy.

59.     Pursuant to §§ 1415 (i)(3)(A)-(G) plaintiffs should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 109953 conducted by defendant's Impartial Hearing Office in New York.

60.     Venue properly lies in this district as defendant has offices located in this district.

61.     E.D. is a minor child who has been classified as having learning disabilities. She is, and at all relevant times has been, a student within the Department of Education of the City of New York entitled to all the rights and procedural safeguards, mandated by applicable law and statutes, including but not limited to the IDEIA and the New York State Education Law.

62.     A.D. and S.D. are the parents of E.D.. and also resides within the areas serviced by the Department of Education of the City of New York.

63.     Plaintiffs A.D. and S.D. and their daughter, E.D. are not expressly named herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

64.     Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education to E.D. pursuant to statutory rights as a student with a disability.

13

65.    Plaintiffs initiated an administrative due process proceeding against the defendant, in order to secure a continuation of services pending final resolution of the parent's request for tuition reimbursement , as well as other relief pursuant to the IDEIA.

66.    Following a period of preparation and evidentiary disclosures, and the preparation of a detailed request for a hearing alleging FAPE violations, Alexandra Hindes, Esq. from the Law of Neal Howard Rosenberg represented the plaintiffs in an evidentiary hearing on August 31, 2005 with all the attendant preparation and incidental follow-up.  At the hearing, pursuant to the United States Supreme Court's decision in *Schaffer v. Weast* 546 U.S. 49, (2005), plaintiff bore the burden of persuasion on all three prongs of the Burlington/Carter test for reimbursement relief.

67.    By Finding of Fact and Decision dated September 15, 2005, Impartial Hearing Officer Morton Cohen adopted a settlement agreement in favor of E.D. establishing plaintiffs as the substantially prevailing party in  the administrative due process proceeding.  The Decision provided for significant relief to E.D. in that special education and related services would have to be provided by the DOE pending the final resolution of the Parents' request for tuition reimbursement.  Defendant never appealed from the underlying administrative decision; thus the Decision became final and non-appealable.

68.    Due to plaintiffs' status as substantially prevailing party, plaintiffs are entitled to attorneys' fee and costs, both from the administrative proceeding and in this action.

69.    The Courts have expressly recognized Neal Rosenberg and the attorneys in his office, as having a special expertise in special education matters and the fees being

14

requested by plaintiff is reasonable and appropriate.

70.    Necessary duties involved with preparing E.D..'s case for an administrative hearing included, but were not limited to (a) communicating with the parent, and other potential witnesses; (b) reviewing educational records; (c) convening telephone conferences; (d) writing and filing a detailed impartial due process request; (e) reviewing and disclosing documentary information relevant to M.C.'s claims and any potential defenses; (f) developing an effective case presentation; (h) attending an administrative trial. In addition, plaintiff's new counsel is now incurring time and disbursements in connection with this action.

71.    Plaintiffs have attempted to resolve this matter informally but has not been able to do so. In fact, the DOE is simply "dragging their feet" in an effort to avoid its obligation to pay legal fees to the parent who successfully prevailed in IDEIA case.

72.    That the plaintiff has complied with all conditions precedent to the bringing of this action, and has complied with all the provisions of the Charter of the City of New York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon the Comptroller of the City of New York of their intention to sue upon the claim set forth, and more than thirty days have elapsed since the presentation of said Notice of Claim, and that said claim remains unadjusted, and that the Comptroller has failed and/or refused to make any adjustments thereof, and this action has been commenced within the time provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award plaintiffs their statutory fees and related costs and disbursements from the IDEIA administrative due process matter (b) award plaintiffs their attorneys' fees and related cost

15

and disbursement of this action to be set by this Court,  and award plaintiffs such other, further and different relief as the Court deems appropriate under the circumstances.

### AS AND FOR A FIFTH CAUSE OF ACTION-EMILY ISAAC

73.    This action seeks to assess, adjudicate, and fix plaintiff's entitlement to statutorily recoverable attorneys' fees and the related costs and disbursements associated with "substantially prevailing party" status following an administrative due process proceeding involving the provision of a free and appropriate public education (hereinafter "FAPE") to a handicapped child.   This action is being brought pursuant to the provisions of 20 U.S.C § 1400 et. seq. more commonly known as the Individuals with Disabilities Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-(G).

74.    This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415 (i)(3)(A)-(G) and *A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the amount in controversy.

75.    Pursuant to §§1415 (i)(3)(A)-(G) plaintiff  should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 106016 conducted by defendant's Impartial Hearing Office in New York.

76.    Venue properly lies in this district as defendant has offices located in this district.

77.    E.I. is a minor child who has been classified as having an emotional disability.  She is, and at all relevant times has been, a student within the Department of Education of the City of New York entitled to all the rights and procedural safeguards, mandated by applicable law and statutes, including but not limited to the IDEIA and the

New York State Education Law.

78.    L.K. is the parent of E.I. and also resides within the areas serviced by the Department of Education of the City of New York.

79.    Plaintiff L.K.. and her daughter, E.I. are not expressly named herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

80.    Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education to E.I. pursuant to statutory rights as a student with a disability.

81.    On or about August 20, 2006, plaintiff initiated an administrative due process proceeding against the defendant, in order to secure reimbursement relief, as well as other relief pursuant to the IDEIA.

82.    Following a period of preparation and evidentiary disclosures, and the preparation of a detailed request for a hearing alleging FAPE violations, Neal Rosenberg and Alexandra Hindes from the Law of Neal Howard Rosenberg represented the plaintiff in an evidentiary hearing on October 18 and 27, 2006 with all the attendant preparation and incidental follow-up.  At the hearing, pursuant to the United States Supreme Court's decision in *Schaffer v. Weast* 546 U.S. 49, (2005), plaintiff bore the burden of persuasion on all three prongs of the Burlington/Carter test for reimbursement relief

83.    By Finding of Fact and Decision dated November 27, 2006, Impartial Hearing Officer Eric Nachman, Esq. rendered an award in favor of E.I.. establishing plaintiff as the substantially prevailing party in  the administrative due process proceeding. The Decision provided for significant financial relief to wit to pay for tuition at a

residential school.  Defendant never appealed from the underlying administrative decision; thus the Decision became final and non-appealable.

84.        Due to plaintiff's status as substantially prevailing party, plaintiff is entitled to attorneys' fee and costs, both from the administrative proceeding and in this action.

85.    The Courts have expressly recognized Neal Rosenberg and the attorneys in his office, as having a special expertise in special education matters and the fees being requested by plaintiff is reasonable and appropriate.

86.    Necessary duties involved with preparing E.I.'s case for an administrative hearing included, but were not limited to (a) communicating with the parent, and other potential witnesses;  (b) reviewing educational records;  (c) convening telephone conferences;  (d)  writing and filing a detailed impartial due process request;  (e) reviewing and disclosing documentary information relevant to E.I.'s  claims and any potential defenses;  (f)  scheduling and preparing witnesses to testify at the hearing;  (g) developing an effective case presentation;  (h)  attending an administrative trial including the presentation of direct testimony and preparation for cross examination of witnesses produced at the hearing by the DOE.  In addition, plaintiff's new counsel is now incurring time and disbursements in connection with this action.

87.    Plaintiff has attempted to resolve this matter informally but has not been able to do so.  In fact, the DOE is simply "dragging their feet" in an effort to avoid its obligation to pay legal fees to the parent who successfully prevailed in IDEIA case.

88.    That the plaintiff has complied with all conditions precedent to the bringing of this action, and has complied with all the provisions of the Charter of the City of New

18

York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon the Comptroller of the City of New York of their intention to sue upon the claim set forth, and more than thirty days have elapsed since the presentation of said Notice of Claim, and that said claim remains unadjusted, and that the Comptroller has failed and/or refused to make any adjustments thereof, and this action has been commenced within the time provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award plaintiff her statutory fees and related costs and disbursements from the IDEIA administrative due process matter  (b) award plaintiff her attorneys' fees and related cost and disbursement of this action to be set by this Court,  and award plaintiff such other, further and different relief as the Court deems appropriate under the circumstances.

### AS AND FOR A SIXTH CAUSE OF ACTION-ALESSANDRA STARK

89.     This action seeks to assess, adjudicate, and fix plaintiffs' entitlement to statutorily recoverable attorneys' fees and the related costs and disbursements associated with "substantially prevailing party" status following an administrative due process proceeding involving the provision of a free and appropriate public education (hereinafter "FAPE") to a handicapped child.   This action is being brought pursuant to the provisions of 20 U.S.C ß 1400 et. seq. more commonly known as the Individuals with Disabilities Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-(G).

90.     This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415 (i)(3)(A)-(G) and *A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the amount in controversy.

91.     Pursuant to §§ 1415 (i)(3)(A)-(G) plaintiffs D.S. and A.S. should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 100867 conducted by defendant's Impartial Hearing Office in New York.

92.     Venue properly lies in this district as defendant has offices located in this district.

93.     A.S. is a minor child who has been classified as learning disabled. She is, and at all relevant times has been, a student within the Department of Education of the City of New York entitled to all the rights and procedural safeguards, mandated by applicable law and statutes, including but not limited to the IDEIA and the New York State Education Law.

94.     D.S. and A.S. are the parents of A.S. and also reside within the areas serviced by the Department of Education of the City of New York.

95.     Plaintiffs D.S. and A.S. and their daughter A.S. are not expressly named herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

96.     Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education to A.S. pursuant to statutory rights as a student with a disability.

97.     On or about August 15, 2005, plaintiffs initiated an administrative due process proceeding against the defendant, in order to secure reimbursement relief, as well as other relief pursuant to the IDEIA.

98.     Following a period of preparation and evidentiary disclosures, and the

20

preparation of a detailed request for a hearing alleging FAPE violations, Alexandra

Hindes, Esq. from the Law Offices of Neal Howard Rosenberg represented the plaintiffs in

an evidentiary hearing on September 9 and 13, 2005 with all the attendant preparation and

incidental follow-up.

99.     By Finding of Fact and Decision dated November 10, 2005, Impartial

Hearing Officer Diane Cohen, Esq. rendered an award in favor of A.S. establishing

plaintiffs as the substantially prevailing party in the administrative due process

proceeding. The Decision provided for significant special education and related services

be provided. Defendant never appealed from the underlying administrative decision; thus

the Decision became final and non-appealable.

100.    Due to plaintiffs' status as substantially prevailing party, plaintiffs are

entitled to attorneys' fee and costs, both from the administrative proceeding and in this

action.

101.    The Courts have expressly recognized Neal Rosenberg and the attorneys

in his office, as having a special expertise in special education matters and the fees being

requested by plaintiffs are reasonable and appropriate.

102.    Necessary duties involved with preparing A.S.'s case for an

administrative hearing included, but were not limited to (a) communicating with both

parents and other potential witnesses; (b) reviewing educational records; (c) convening

telephone conferences; (d) writing and filing a detailed impartial due process request; (e)

reviewing and disclosing documentary information relevant to A.S..'s claims and any

potential defenses; (f) scheduling and preparing witnesses to testify at the hearing; (g)

developing an effective case presentation; (h) attending an administrative trial including

the presentation of direct testimony and preparation for cross examination of witnesses produced at the hearing by the DOE.  In addition, plaintiffs' new counsel is now incurring time and disbursements in connection with this action.

103.    Plaintiffs have attempted to resolve this matter informally but have been unable to do so.  In fact, the DOE is simply "dragging their feet" in an effort to avoid its obligation to pay legal fees to the parents who successfully prevailed in IDEIA case.

104.    That the plaintiff has complied with all conditions precedent to the bringing of this action, and has complied with all the provisions of the Charter of the City of New York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon the Comptroller of the City of New York of their intention to sue upon the claim set forth, and more than thirty days have elapsed since the presentation of said Notice of Claim, and that said claim remains unadjusted, and that the Comptroller has failed and/or refused to make any adjustments thereof, and this action has been commenced within the time provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award Plaintiffs' statutory fees and related costs and disbursements from the IDEIA administrative due process matter  (b) award plaintiffs their attorneys' fees and related cost and disbursement of this action to be set by this Court,  and award plaintiffs such other, further and different relief as the Court deems appropriate under the circumstances

### AS AND FOR A SEVENTH CAUSE OF ACTION-AARON PERLSTEIN

105.    This action seeks to assess, adjudicate, and fix plaintiff's entitlement to statutorily recoverable attorneys' fees and the related costs and disbursements associated with "substantially prevailing party" status following an administrative due

process proceeding involving the provision of a free and appropriate public education (hereinafter "FAPE") to a handicapped child.   This action is being brought pursuant to the provisions of 20 U.S.C § 1400 et. seq. more commonly known as the Individuals with Disabilities Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. § 1415 (i)(3)(A)-(G).

106.    This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415 (i)(3)(A)-(G) and *A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the amount in controversy.

107.    Pursuant to § 1415 (i)(3)(A)-(G) plaintiff P.P. should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 100842 conducted by defendant's Impartial Hearing Office in New York.

108.    Venue properly lies in this district as defendant has offices located in this district.

109.    A.P. is a minor child who has been classified as learning disabled.   He is, and at all relevant times has been, a student within the Department of Education of the City of New York entitled to all the rights and procedural safeguards, mandated by applicable law and statutes, including but not limited to the IDEIA and the New York State Education Law.

110.    P.P. is the parent of A.P. and also resides within the areas serviced by the Department of Education of the City of New York.

111.    Plaintiff P.P. and her son, A.P. are not expressly named herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

23

112.    Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education to A.P. pursuant to statutory rights as a student with a disability.

113.    On or about August 15, 2005, plaintiff initiated an administrative due process proceeding against the defendant, in order to secure reimbursement relief, as well as other relief pursuant to the IDEIA.

114.    Following a period of preparation and evidentiary disclosures, and the preparation of a detailed request for a hearing alleging FAPE violations, Alexandra Hindes, Esq. from the Law Offices of Neal Howard Rosenberg represented the plaintiff in an evidentiary hearing on August 22, 2005 with all the attendant preparation and incidental follow-up.

115.    By Finding of Fact and Decision dated February 21, 2005, Impartial Hearing Officer Dora M. Lassinger, Esq. rendered an award based on a settlement reached between the parties in favor of A.P. establishing plaintiff as the substantially prevailing party in  the administrative due process proceeding.  The Decision provided for significant special education and related services be provided.  Defendant never appealed from the underlying administrative decision; thus the Decision became final and non-appealable.

116.    Due to plaintiffs' status as substantially prevailing party, plaintiff is entitled to attorneys' fee and costs, both from the administrative proceeding and in this action.

117.    The Courts have expressly recognized Neal Rosenberg and the attorneys in his office, as having a special expertise in special education matters and the fees being requested by plaintiffs are reasonable and appropriate.

118.    Necessary duties involved with preparing A.S.'s case for an administrative hearing included, but were not limited to (a) communicating with the parent and other potential witnesses;  (b) reviewing educational records;  (c) convening telephone conferences;  (d)  writing and filing a detailed impartial due process request;  (e) reviewing and disclosing documentary information relevant to A.P's  claims and any potential defenses;  (f)  scheduling and preparing witnesses to testify at the hearing;  (g) developing an effective case presentation;  (h)  attending an administrative.  In addition, plaintiff's new counsel is now incurring time and disbursements in connection with this action.

119.    Plaintiff has attempted to resolve this matter informally but have been unable to do so.  In fact, the DOE is simply "dragging their feet" in an effort to avoid its obligation to pay legal fees to the parents who successfully prevailed in IDEIA case.

120.    That the plaintiff has complied with all conditions precedent to the bringing of this action, and has complied with all the provisions of the Charter of the City of New York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon the Comptroller of the City of New York of their intention to sue upon the claim set forth, and more than thirty days have elapsed since the presentation of said Notice of Claim, and that said claim remains unadjusted, and that the Comptroller has failed and/or refused to make any adjustments thereof, and this action has been commenced within the time provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award Plaintiff's statutory fees and related costs and disbursements from the IDEIA administrative due process matter  (b) award plaintiff her attorneys' fees and related cost

and disbursement of this action to be set by this Court,  and award plaintiff such other, further and different relief as the Court deems appropriate under the circumstances

**AS AND FOR A EIGHTH CAUSE OF ACTION-WILLIAM BAUMAN**

121.    This action seeks to assess, adjudicate, and fix plaintiffs' entitlement to statutorily recoverable attorneys' fees and the related costs and disbursements associated with "substantially prevailing party" status following an administrative due process proceeding involving the provision of a free and appropriate public education (hereinafter "FAPE") to a handicapped child and an appeal by defendant to the New York State Department of Education, State Review Officer.  This action is being brought pursuant to the provisions of 20 U.S.C § 1400 et. seq. more commonly known as the Individuals with Disabilities Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-(G).

122.    This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415 (i)(3)(A)-(G) and *A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the amount in controversy.

123.    Pursuant to §§ 1415 (i)(3)(A)-(G) plaintiffs K.B. and J.B. should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 104122 conducted by defendant's Impartial Hearing Office in New York and prevailing in a subsequent appeal the State Review Office.

124.    Venue properly lies in this district as defendant has offices located in this district.

125.    W.B. is a minor child who has been classified as Other Health Impaired. He is, and at all relevant times has been, a student within the Department of Education of

the City of New York entitled to all the rights and procedural safeguards, mandated by applicable law and statutes, including but not limited to the IDEIA and the New York State Education Law.

126.   K.B. and J.B.  are the parents of W.B. and also reside within the areas serviced by the Department of Education of the City of New York.

127.   Plaintiffs K.B. and J.B. and their son, W.B.. are not expressly named herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

128.   Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education to W.B. pursuant to statutory rights as a student with a disability.

129.   On or about November 4, 2005, plaintiffs initiated an administrative due process proceeding against the defendant, in order to secure reimbursement relief, as well as other relief pursuant to the IDEIA.

130.   Following a period of preparation and evidentiary disclosures, and the preparation of a detailed request for a hearing alleging FAPE violations, Neal Howard Rosenberg represented the plaintiffs in an evidentiary hearing on May 4, 2006 with all the attendant preparation and incidental follow-up.

131.   By Finding of Fact and Decision dated June 13, 2006, Impartial Hearing Officer Sharyn Finkelstein rendered an award in favor of W.B. establishing plaintiffs as the substantially prevailing party in  the administrative due process proceeding.  The Decision provided for significant reimbursement for special education and related services and that special education services be provided.  Defendant appealed from the underlying

27

administrative decision to the State Review Office.  Attached as Exhibit 8-B is the SRO

decision affirming the IHO decision dated October 18, 2006; there was no further appeal,

thus the SRO Decision became final and non-appealable.

132.    Due to plaintiffs' status as substantially prevailing party, plaintiffs are

entitled to attorneys' fee and costs, both from the administrative proceeding including the

appeal and in this action.

133.    The Courts have expressly recognized Neal Rosenberg as having a special

expertise in special education matters and the fees being requested by plaintiffs are

reasonable and appropriate.

134.    Necessary duties involved with preparing W.B.'s  case for an

administrative hearing included, but were not limited to (a) communicating with both

parents and other potential witnesses;  (b) reviewing educational records;  (c) convening

telephone conferences;  (d)  writing and filing a detailed impartial due process request;  (e)

reviewing and disclosing documentary information relevant to W.B's  claims and any

potential defenses;  (f)  scheduling and preparing witnesses to testify at the hearing;  (g)

developing an effective case presentation;  (h)  attending an administrative trial including

the presentation of direct testimony and preparation for cross examination of witnesses

produced at the hearing by the DOE.  In addition, plaintiffs' new counsel is now incurring

time and disbursements in connection with this action.

135.    Plaintiffs have attempted to resolve this matter informally but have been

unable to do so.  In fact, the DOE is simply "dragging their feet" in an effort to avoid its

obligation to pay legal fees to the parents who successfully prevailed in IDEIA case.

136.    That the plaintiff has complied with all conditions precedent to the bringing

of this action, and has complied with all the provisions of the Charter of the City of New

York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon

the Comptroller of the City of New York of their intention to sue upon the claim set forth,

and more than thirty days have elapsed since the presentation of said Notice of Claim, and

that said claim remains unadjusted, and that the Comptroller has failed and/or refused to

make any adjustments thereof, and this action has been commenced within the time

provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award

Plaintiffs' statutory fees and related costs and disbursements from the IDEIA administra-

tive due process matter  (b) award plaintiffs their attorneys' fees and related cost and

disbursement of this action to be set by this Court, and award plaintiffs such other, further

and different relief as the Court deems appropriate under the circumstances

### AS AND FOR A NINTH CAUSE OF ACTION-JOSEPH RAMPONE

137.    This action seeks to assess, adjudicate, and fix plaintiff's entitlement to

statutorily recoverable attorneys' fees and the related costs and disbursements associated

with "substantially prevailing party" status following an administrative due process

proceeding involving the provision of a free and appropriate public education (hereinafter

"FAPE") to a handicapped child.   This action is being brought pursuant to the provisions

of 20 U.S.C § 1400 et. seq. more commonly known as the Individuals with Disabilities

Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-

(G).

138.    This Court has jurisdiction pursuant to 20 U.S.C. §§1415 (i)(3)(A)-(G) and

*A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the

amount in controversy.

139.    Pursuant to §§1415 (i)(3)(A)-(G) plaintiff C.R. should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 104222 conducted by defendant's Impartial Hearing Office in New York.

140.    Venue properly lies in this district as defendant has offices located in this district.

141.    J.R. is a minor child who has been classified as learning disabled and Other Health Impaired.  He is, and at all relevant times has been, a student within the Department of Education of the City of New York entitled to all the rights and procedural safeguards, mandated by applicable law and statutes, including but not limited to the IDEIA and the New York State Education Law.

142.    C.R. the parent of J.R. and also reside within the areas serviced by the Department of Education of the City of New York.

143.    Plaintiff C.R. and her son, J.R. are not expressly named herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

144.    Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education to J.R.. pursuant to statutory rights as a student with a disability.

145.    On or about February 1, 2006, plaintiff initiated an administrative due process proceeding against the defendant, in order to secure reimbursement relief, as well as other relief pursuant to the IDEIA.

146.    Following a period of preparation and evidentiary disclosures, and the

30

preparation of a detailed request for a hearing alleging FAPE violations, Neal Howard Rosenberg represented the plaintiff in an evidentiary hearing on April 12, and 27, 2006, with all the attendant preparation and incidental follow-up.

147.    By Finding of Fact and Decision dated April 28, 2006, Impartial Hearing Officer James McKeever, Esq. rendered an award in favor of J.R. establishing plaintiff as the substantially prevailing party in the administrative due process proceeding.  The Decision provided for significant special education and related services be provided. Defendant never appealed from the underlying administrative decision; thus the Decision became final and non-appealable.

148.    Due to plaintiff's status as substantially prevailing party, plaintiff is entitled to attorneys' fee and costs, both from the administrative proceeding and in this action.

149.    The Courts have expressly recognized Neal Rosenberg as having a special expertise in special education matters and the fees being requested by plaintiffs are reasonable and appropriate.

150.    Necessary duties involved with preparing J.R.'s case for an administrative hearing included, but were not limited to (a) communicating with the parent and other potential witnesses;  (b) reviewing educational records;  (c) convening telephone conferences;  (d)  writing and filing a detailed impartial due process request;  (e) reviewing and disclosing documentary information relevant to J.R.'s claims and any potential defenses;  (f)  scheduling and preparing witnesses to testify at the hearing;  (g) developing an effective case presentation;  (h)  attending an administrative trial including the presentation of direct testimony and preparation for cross examination of witnesses

produced at the hearing by the DOE.  In addition, plaintiffs' new counsel is now incurring time and disbursements in connection with this action.

151.    Plaintiffs has attempted to resolve this matter informally but has been unable to do so.  In fact, the DOE is simply "dragging their feet" in an effort to avoid its obligation to pay legal fees to the parents who successfully prevailed in IDEIA case.

152.    That the plaintiff has complied with all conditions precedent to the bringing of this action, and has complied with all the provisions of the Charter of the City of New York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon the Comptroller of the City of New York of their intention to sue upon the claim set forth, and more than thirty days have elapsed since the presentation of said Notice of Claim, and that said claim remains unadjusted, and that the Comptroller has failed and/or refused to make any adjustments thereof, and this action has been commenced within the time provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award Plaintiff's statutory fees and related costs and disbursements from the IDEIA administrative due process matter  (b) award plaintiff her attorneys' fees and related cost and disbursement of this action to be set by this Court, and award plaintiff such other, further and different relief as the Court deems appropriate under the circumstances

### AS AND FOR A TENTH CAUSE OF ACTION-CAROLINE KOURETSOS

153.    This action seeks to assess, adjudicate, and fix plaintiff's entitlement to statutorily recoverable attorneys' fees and the related costs and disbursements associated with "substantially prevailing party" status following an administrative due process proceeding involving the provision of a free and appropriate public education (hereinafter

"FAPE") to a handicapped child.   This action is being brought pursuant to the provisions

of 20 U.S.C § 1400 et. seq. more commonly known as the Individuals with Disabilities

Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-

(G).

154.    This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415 (i)(3)(A)-(G) and

*A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the

amount in controversy.

155.    Pursuant to §§ 1415 (i)(3)(A)-(G) plaintiff M.K. should be awarded

attorneys' fees and costs as the substantially prevailing party in Case No. 109867

conducted by defendant's Impartial Hearing Office in New York.

156.    Venue properly lies in this district as defendant has offices located in this

district.

157.    C.K. is a minor child who has been classified as learning disabled.  She is,

and at all relevant times has been, a student within the Department of Education of the City

of New York entitled to all the rights and procedural safeguards, mandated by applicable

law and statutes, including but not limited to the IDEIA and the New York State Education

Law.

158.    M.K. the parent of C.K. and also reside within the areas serviced by the

Department of Education of the City of New York.

159.    Plaintiff M.K. and her daughter C.K. are not expressly named herein by

their given names because the privacy guarantees provided in the IDEA statute, as well as

in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

160.    Defendant is a local educational agency that continues to have the

responsibility to provide a free and appropriate public education to A.S. pursuant to statutory rights as a student with a disability.

161.    On or about March 29, 2007, plaintiff initiated an administrative due process proceeding against the defendant, in order to secure reimbursement relief, as well as other relief pursuant to the IDEIA.

162.    Following a period of preparation and evidentiary disclosures, and the preparation of a detailed request for a hearing alleging FAPE violations, Alexandra Hindes, Esq. from the Law Offices of Neal Howard Rosenberg and Neal Rosenberg, Esq. represented the plaintiffs in an evidentiary hearing on May 8, 2007 with all the attendant preparation and incidental follow-up.

163.    By Finding of Fact and Decision dated May 24, 2007, Impartial Hearing Officer James McKeever, Esq. rendered an award in favor of C.K. establishing plaintiffs as the substantially prevailing party in  the administrative due process proceeding.  The Decision provided for tuition reimbursement for significant special education.  Defendant never appealed from the underlying administrative decision; thus the Decision became final and non-appealable.

164.    Due to plaintiffs' status as substantially prevailing party, plaintiffs are entitled to attorneys' fee and costs, both from the administrative proceeding and in this action.

165.    The Courts have expressly recognized Neal Rosenberg and the attorneys in his office, as having a special expertise in special education matters and the fees being requested by plaintiffs are reasonable and appropriate.

166.    Necessary duties involved with preparing C.K.'s  case for an

34

administrative hearing included, but were not limited to (a) communicating with the parent and other potential witnesses; (b) reviewing educational records; (c) convening telephone conferences; (d) writing and filing a detailed impartial due process request; (e) reviewing and disclosing documentary information relevant to C.K.'s claims and any potential defenses; (f) scheduling and preparing witnesses to testify at the hearing; (g) developing an effective case presentation; (h) attending an administrative trial including the presentation of direct testimony and preparation for cross examination of witnesses produced at the hearing by the DOE. In addition, plaintiffs' new counsel is now incurring time and disbursements in connection with this action.

167.    Plaintiffs have attempted to resolve this matter informally but have been unable to do so. In fact, the DOE is simply "dragging their feet" in an effort to avoid its obligation to pay legal fees to the parents who successfully prevailed in IDEIA case.

168.    That the plaintiff has complied with all conditions precedent to the bringing of this action, and has complied with all the provisions of the Charter of the City of New York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon the Comptroller of the City of New York of their intention to sue upon the claim set forth, and more than thirty days have elapsed since the presentation of said Notice of Claim, and that said claim remains unadjusted, and that the Comptroller has failed and/or refused to make any adjustments thereof, and this action has been commenced within the time provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award Plaintiff's statutory fees and related costs and disbursements from the IDEIA administrative due process matter (b) award plaintiff his attorneys' fees and related cost

and disbursement of this action to be set by this Court, and award plaintiff such other,

further and different relief as the Court deems appropriate under the circumstances

### AS AND FOR AN ELEVENTH CAUSE OF ACTION-MALCOLM TURNER

169.    This action seeks to assess, adjudicate, and fix plaintiff's entitlement to

statutorily recoverable attorneys' fees and the related costs and disbursements associated

with "substantially prevailing party" status following an administrative due process

proceeding involving the provision of a free and appropriate public education (hereinafter

"FAPE") to a handicapped child.   This action is being brought pursuant to the provisions

of 20 U.S.C ß 1400 et. seq. more commonly known as the Individuals with Disabilities

Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-

(G).

170.    This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415 (i)(3)(A)-(G) and

*A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the

amount in controversy.

171.    Pursuant to §§ 1415 (i)(3)(A)-(G) plaintiff S.T. should be awarded

attorneys' fees and costs as the substantially prevailing party in Case No. 108397

conducted by defendant's Impartial Hearing Office in New York.

172.    Venue properly lies in this district as defendant has offices located in this

district.

173.    M.T. is a minor child who should have been classified as having an

emotional disturbance.   He is, and at all relevant times has been, a student within the

Department of Education of the City of New York entitled to all the rights and procedural

safeguards, mandated by applicable law and statutes, including but not limited to the

IDEIA and the New York State Education Law.

174.    S.T. the parent  of M. T. and also resides within the areas serviced by the Department of Education of the City of New York.

175.    Plaintiff S.T. and her son M.T. are not expressly named herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

176.    Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education to M.T. pursuant to statutory rights as a student with a disability.

177.    On or about November 28, 2007, plaintiff initiated an administrative due process proceeding against the defendant, in order to secure reimbursement relief, as well as other relief pursuant to the IDEIA.

178.    Following a period of preparation and evidentiary disclosures, and the preparation of a detailed request for a hearing alleging FAPE violations, Alexandra Hindes, Esq.  and Nathaniel Kuzma from the Law Offices of Neal Howard Rosenberg represented the plaintiffs in an evidentiary hearing on March 12, 2007 and April 30, 2007 with all the attendant preparation and incidental follow-up.

179.    By Finding of Fact and Decision dated May 18, 2007, Impartial Hearing Officer Debra Siedman Dewan, Esq. rendered an award in favor of M.T. establishing plaintiff as the substantially prevailing party in  the administrative due process proceeding. The Decision provided that M.T. should have been classified with an emotional disability and thus entitled to special education and related services.  Defendant never appealed from the underlying administrative decision; thus the Decision became final and non-appealable.

180.    Due to plaintiff's status as substantially prevailing party, plaintiff is entitled to attorneys' fee and costs, both from the administrative proceeding and in this action.

181.    The Courts have expressly recognized Neal Rosenberg and the attorneys in his office, as having a special expertise in special education matters and the fees being requested by plaintiffs are reasonable and appropriate.

182.    Necessary duties involved with preparing M.T.'s case for an administrative hearing included, but were not limited to (a) communicating with the parent and other potential witnesses; (b) reviewing educational records; (c) convening telephone conferences; (d) writing and filing a detailed impartial due process request; (e) reviewing and disclosing documentary information relevant to M.T.'s claims and any potential defenses; (f) scheduling and preparing witnesses to testify at the hearing; (g) developing an effective case presentation; (h) attending an administrative trial including the presentation of direct testimony and preparation for cross examination of witnesses produced at the hearing by the DOE. In addition, plaintiff's new counsel is now incurring time and disbursements in connection with this action.

183.    Plaintiff has attempted to resolve this matter informally but have been unable to do so.  In fact, the DOE is simply "dragging their feet" in an effort to avoid its obligation to pay legal fees to the parents who successfully prevailed in IDEIA case.

184.    That the plaintiff has complied with all conditions precedent to the bringing of this action, and has complied with all the provisions of the Charter of the City of New York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon the Comptroller of the City of New York of their intention to sue upon the claim set forth,

and more than thirty days have elapsed since the presentation of said Notice of Claim, and that said claim remains unadjusted, and that the Comptroller has failed and/or refused to make any adjustments thereof, and this action has been commenced within the time provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award Plaintiff's statutory fees and related costs and disbursements from the IDEIA administrative due process matter  (b) award plaintiff his attorneys' fees and related cost and disbursement of this action to be set by this Court, and award plaintiff such other, further and different relief as the Court deems appropriate under the circumstances

### AS AND FOR A TWELVETH CAUSE OF ACTION-JESSICA SCHOTTENSTEIN

185.    This action seeks to assess, adjudicate, and fix plaintiff's entitlement to statutorily recoverable attorneys' fees and the related costs and disbursements associated with "substantially prevailing party" status following an administrative due process proceeding involving the provision of a free and appropriate public education (hereinafter "FAPE") to a handicapped child.   This action is being brought pursuant to the provisions of 20 U.S.C § 1400 et. seq. more commonly known as the Individuals with Disabilities Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-(G).

186.    This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415 (i)(3)(A)-(G) and *A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the amount in controversy.

187.    Pursuant to §§ 1415 (i)(3)(A)-(G) plaintiff D.S. should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 106588

conducted by defendant's Impartial Hearing Office in New York.

188.    Venue properly lies in this district as defendant has offices located in this district.

189.    J.S. is a minor child who has been classified as learning disabled.  She is, and at all relevant times has been, a student within the Department of Education of the City of New York entitled to all the rights and procedural safeguards, mandated by applicable law and statutes, including but not limited to the IDEIA and the New York State Education Law.

190.    D.S. the parent of J.S. also resides within the areas serviced by the Department of Education of the City of New York.

191.    Plaintiff D.S. and her daughter J.S. are not expressly named herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

192.    Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education to A.S. pursuant to statutory rights as a student with a disability.

193.    On or about December 1, 2006, plaintiff initiated an administrative due process proceeding against the defendant, in order to secure reimbursement relief, as well as other relief pursuant to the IDEIA.

194.    Following a period of preparation and evidentiary disclosures, and the preparation of a detailed request for a hearing alleging FAPE violations, Alexandra Hindes, Esq. from the Law Offices of Neal Howard Rosenberg and Neal Rosenberg, Esq. represented the plaintiff in an evidentiary hearing on February 9, 2007 and March 15, 2007

40

with all the attendant preparation and incidental follow-up.

195.    By Finding of Fact and Decision dated April 3, 2007, Impartial Hearing

Officer Howard Jacob, Esq. rendered an award in favor of J.S. establishing plaintiff as the

substantially prevailing party in  the administrative due process proceeding.  The Decision

provided for tuition reimbursement for special education.  Defendant never appealed from

the underlying administrative decision; thus the Decision became final and non-appealable.

196.    Due to plaintiff's status as substantially prevailing party, plaintiff is

entitled to attorneys' fee and costs, both from the administrative proceeding and in this

action.

197.    The Courts have expressly recognized Neal Rosenberg and the attorneys

in his office, as having a special expertise in special education matters and the fees being

requested by plaintiff is reasonable and appropriate.

198.    Necessary duties involved with preparing J.S.'s case for an

administrative hearing included, but were not limited to (a) communicating with the parent

and other potential witnesses;  (b) reviewing educational records;  (c) convening telephone

conferences;  (d)  writing and filing a detailed impartial due process request;  (e)

reviewing and disclosing documentary information relevant to J.S.'s  claims and any

potential defenses;  (f)  scheduling and preparing witnesses to testify at the hearing;  (g)

developing an effective case presentation;  (h)  attending an administrative trial including

the presentation of direct testimony and preparation for cross examination of witnesses

produced at the hearing by the DOE.  In addition, plaintiff's new counsel is now incurring

time and disbursements in connection with this action.

199.    Plaintiff has attempted to resolve this matter informally but have been

unable to do so.  In fact, the DOE is simply "dragging their feet" in an effort to avoid its obligation to pay legal fees to the parents who successfully prevailed in IDEIA case.

200.    That the plaintiff has complied with all conditions precedent to the bringing of this action, and has complied with all the provisions of the Charter of the City of New York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon the Comptroller of the City of New York of their intention to sue upon the claim set forth, and more than thirty days have elapsed since the presentation of said Notice of Claim, and that said claim remains unadjusted, and that the Comptroller has failed and/or refused to make any adjustments thereof, and this action has been commenced within the time provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award Plaintiff's statutory fees and related costs and disbursements from the IDEIA administrative due process matter  (b) award plaintiff her attorneys' fees and related cost and disbursement of this action to be set by this Court, and award plaintiff such other, further and different relief as the Court deems appropriate under the circumstances.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION-LEO ERICKSON

201.    This action seeks to assess, adjudicate, and fix plaintiffs' entitlement to statutorily recoverable attorneys' fees and the related costs and disbursements associated with "substantially prevailing party" status following an administrative due process proceeding involving the provision of a free and appropriate public education (hereinafter "FAPE") to a handicapped child.   This action is being brought pursuant to the provisions of 20 U.S.C § 1400 et. seq. more commonly known as the Individuals with Disabilities Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-

(G).

202.    This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415 (i)(3)(A)-(G) and *A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the amount in controversy.

203.    Pursuant to §§ 1415 (i)(3)(A)-(G) plaintiffs B.M. and C.E. should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 108533 conducted by defendant's Impartial Hearing Office in New York.

204.    Venue properly lies in this district as defendant has offices located in this district.

205.    L.E. is a minor child who has been classified as speech and language impaired. He is, and at all relevant times has been, a student within the Department of Education of the City of New York entitled to all the rights and procedural safeguards, mandated by applicable law and statutes, including but not limited to the IDEIA and the New York State Education Law.

206.    B.M. and C.E. the parents of L.E. reside within the areas serviced by the Department of Education of the City of New York.

207.    Plaintiffs B.M. and C.E. and their daughter L.E. are not expressly named herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

208.    Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education to A.S. pursuant to statutory rights as a student with a disability.

43

209.    On or about June 16, 2006, plaintiffs initiated an administrative due process proceeding against the defendant, in order to secure reimbursement relief, as well as other relief pursuant to the IDEIA.

210.    Following a period of preparation and evidentiary disclosures, and the preparation of a detailed request for a hearing alleging FAPE violations, Alexandra Hindes, Esq. from the Law Offices of Neal Howard Rosenberg and Neal Rosenberg, Esq. represented the plaintiffs in an evidentiary hearing on January 11, 2007, February 14, 2007, March 21, 2007 and April 13, 2007 with all the attendant preparation and incidental follow-up.

211.    By Finding of Fact and Decision dated May 1, 2007,  Impartial Hearing Officer Theresa R. Joyner, Esq. rendered an award in favor of L.E. establishing plaintiffs as the substantially prevailing party in  the administrative due process proceeding.  The Decision provided for tuition reimbursement for special education services.  Defendant never appealed from the underlying administrative decision; thus the Decision became final and non-appealable.

212.    Due to plaintiffs' status as substantially prevailing party, plaintiffs are entitled to attorneys' fee and costs, both from the administrative proceeding and in this action.

213.    The Courts have expressly recognized Neal Rosenberg and the attorneys in his office, as having a special expertise in special education matters and the fees being requested by plaintiffs are reasonable and appropriate.

214.    Necessary duties involved with preparing L.E.'s  case for an administrative hearing included, but were not limited to (a) communicating with the

parents and other potential witnesses;  (b) reviewing educational records;  (c) convening

telephone conferences;  (d)  writing and filing a detailed impartial due process request;  (e)

reviewing and disclosing documentary information relevant to L.E.'s  claims and any

potential defenses;  (f)  scheduling and preparing witnesses to testify at the hearing;  (g)

developing an effective case presentation;  (h)  attending an administrative trial including

the presentation of direct testimony and preparation for cross examination of witnesses

produced at the hearing by the DOE.  ( See Exhibit 13-B is a copy of the bill submitted to

the DOE) In addition, plaintiffs' new counsel is now incurring time and disbursements in

connection with this action.

215.    Plaintiffs have attempted to resolve this matter informally but have been

unable to do so.  In fact, the DOE is simply "dragging their feet" in an effort to avoid its

obligation to pay legal fees to the parents who successfully prevailed in IDEIA case.

216.    That the plaintiffs have complied with all conditions precedent to the

bringing of this action, and has complied with all the provisions of the Charter of the City

of New York, and that prior to the bringing of this action, the Plaintiff(s) duly served

notice upon the Comptroller of the City of New York of their intention to sue upon the

claim set forth, and more than thirty days have elapsed since the presentation of said

Notice of Claim, and that said claim remains unadjusted, and that the Comptroller has

failed and/or refused to  make any adjustments thereof, and this action has been

commenced within the time provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award

Plaintiffs' statutory fees and related costs and disbursements from the IDEIA

administrative due process matter  (b) award plaintiffs their attorneys' fees and related cost

and disbursement of this action to be set by this Court, and award plaintiffs such other,

further and different relief as the Court deems appropriate under the circumstances

### AS AND FOR A FOURTEENTH CAUSE OF ACTION-JASON BARALL

217.    This action seeks to assess, adjudicate, and fix plaintiff's entitlement to

statutorily recoverable attorneys' fees and the related costs and disbursements associated

with "substantially prevailing party" status following an administrative due process

proceeding involving the provision of a free and appropriate public education (hereinafter

"FAPE") to a handicapped child.   This action is being brought pursuant to the provisions

of 20 U.S.C §§ 1400 et. seq. more commonly known as the Individuals with Disabilities

Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-

(G).

218.    This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415 (i)(3)(A)-(G) and

*A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the

amount in controversy.

219.    Pursuant to §§ 1415 (i)(3)(A)-(G) plaintiff D.B. should be awarded

attorneys' fees and costs as the substantially prevailing party in Case No. 109301

conducted by defendant's Impartial Hearing Office in New York.

220.    Venue properly lies in this district as defendant has offices located in this

district.

221.    J.B. is a minor child who has been classified as learning disabled.  He is,

and at all relevant times has been, a student within the Department of Education of the City

of New York entitled to all the rights and procedural safeguards, mandated by applicable

46

law and statutes, including but not limited to the IDEIA and the New York State Education Law.

222.    D.B. the parent of  J.B. reside within the areas serviced by the Department of Education of the City of New York.

223.    Plaintiff D.B. and her son, J.B. are not expressly named herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

224.    Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education to J.B.. pursuant to statutory rights as a student with a disability.

225.    On or about January 16, 2007, plaintiffs initiated an administrative due process proceeding against the defendant, in order to secure reimbursement relief, as well as other relief pursuant to the IDEIA.

226.    Following a period of preparation and evidentiary disclosures, and the preparation of a detailed request for a hearing alleging FAPE violations, Alexandra Hindes, Esq. from the Law Offices of Neal Howard Rosenberg and Neal Rosenberg, Esq. represented the plaintiff in an evidentiary hearing on June 14, and 19, 2007 with all the attendant preparation and incidental follow-up.

227.    By Finding of Fact and Decision dated July 18, 2007, Impartial Hearing Officer Brenda Farrow White, Esq. rendered an award in favor of J.B. establishing plaintiff as the substantially prevailing party in  the administrative due process proceeding.  The Decision provided for tuition reimbursement for special education received at a private school.  Defendant never appealed from the underlying administrative decision; thus the

Decision became final and non-appealable.

228.    Due to plaintiff's status as substantially prevailing party, plaintiff is entitled to attorneys' fee and costs, both from the administrative proceeding and in this action.

229.    The Courts have expressly recognized Neal Rosenberg and the attorneys in his office, as having a special expertise in special education matters and the fees being requested by plaintiff is reasonable and appropriate.

230.    Necessary duties involved with preparing J.B.'s case for an administrative hearing included, but were not limited to (a) communicating with the parent and other potential witnesses;  (b) reviewing educational records;  (c) convening telephone conferences;  (d)  writing and filing a detailed impartial due process request;  (e) reviewing and disclosing documentary information relevant to J.B.'s claims and any potential defenses;  (f)  scheduling and preparing witnesses to testify at the hearing;  (g) developing an effective case presentation;  (h)  attending an administrative trial including the presentation of direct testimony and preparation for cross examination of witnesses produced at the hearing by the DOE. In addition, plaintiff's new counsel is now incurring time and disbursements in connection with this action.

231.    Plaintiff has attempted to resolve this matter informally but have been unable to do so.  In fact, the DOE is simply "dragging their feet" in an effort to avoid its obligation to pay legal fees to the parents who successfully prevailed in IDEIA case.

232.    That the plaintiff has complied with all conditions precedent to the bringing of this action, and has complied with all the provisions of the Charter of the City of New York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon

the Comptroller of the City of New York of their intention to sue upon the claim set forth, and more than thirty days have elapsed since the presentation of said Notice of Claim, and that said claim remains unadjusted, and that the Comptroller has failed and/or refused to make any adjustments thereof, and this action has been commenced within the time provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award Plaintiff's statutory fees and related costs and disbursements from the IDEIA administrative due process matter  (b) award plaintiff her attorneys' fees and related cost and disbursement of this action to be set by this Court, and award plaintiffs such other, further and different relief as the Court deems appropriate under the circumstances.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION-NILE DECASTRO-ROSE

233.    This action seeks to assess, adjudicate, and fix plaintiffs' entitlement to statutorily recoverable attorneys' fees and the related costs and disbursements associated with "substantially prevailing party" status following an administrative due process proceeding involving the provision of a free and appropriate public education (hereinafter "FAPE") to a handicapped child.   This action is being brought pursuant to the provisions of 20 U.S.C § 1400 et. seq. more commonly known as the Individuals with Disabilities Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-(G).

234.    This Court has jurisdiction pursuant to 20 U.S.C. §§ 1415 (i)(3)(A)-(G) and *A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the amount in controversy.

49

235.    Pursuant to §§ 1415 (i)(3)(A)-(G) plaintiffs C.R. and A.D. should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 110885 conducted by defendant's Impartial Hearing Office in New York.

236.    Venue properly lies in this district as defendant has offices located in this district.

237.    N.C.R. is a minor child who has been classified with a learning disability. He is, and at all relevant times has been, a student within the Department of Education of the City of New York entitled to all the rights and procedural safeguards, mandated by applicable law and statutes, including but not limited to the IDEIA and the New York State Education Law.

238.    C.R. and A.D. the parents of  N.C.R.. reside within the areas serviced by the Department of Education of the City of New York.

239.    Plaintiffs C.R. and A.D. and their son, N.C.R. are not expressly named herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

240.    Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education to N.C.R. pursuant to statutory rights as a student with a disability.

241.    On or about July 8, 2007, plaintiffs initiated an administrative due process proceeding against the defendant, in order to secure reimbursement relief, as well as other relief pursuant to the IDEIA.

242.    Following a period of preparation and evidentiary disclosures, and the

preparation of a detailed request for a hearing alleging FAPE violations, Nathaniel Kuzma,

Esq. from the Law Offices of Neal Howard Rosenberg and Neal Rosenberg, Esq.

represented the plaintiffs in an evidentiary hearing on July 31, 2007 with all the attendant

preparation and incidental follow-up.

243.    By Finding of Fact and Decision dated August 27, 2007, Impartial Hearing

Officer Craig Tessler, rendered an award in favor of N.D.R. establishing plaintiffs as the

substantially prevailing party in the administrative due process proceeding.  The Decision

found that the parents procedural and substantive rights were violated and orderED the

Defendant to provide for compensatory tutoring.  Defendant never appealed from the

underlying administrative decision; thus the Decision became final and non-appealable.

244.    Due to plaintiffs' status as substantially prevailing party, plaintiffs are

entitled to attorneys' fee and costs, both from the administrative proceeding and in this

action.

245.    The Courts have expressly recognized Neal Rosenberg and the attorneys

in his office, as having a special expertise in special education matters and the fees being

requested by plaintiffs are reasonable and appropriate.

246.    Necessary duties involved with preparing N.D.R.'s case for an

administrative hearing included, but were not limited to (a) communicating with the

parents and other potential witnesses;  (b) reviewing educational records;  (c) convening

telephone conferences;  (d) writing and filing a detailed impartial due process request;  (e)

reviewing and disclosing documentary information relevant to N.D.R.'s claims and any

potential defenses;  (f) scheduling and preparing witnesses to testify at the hearing;  (g)

developing an effective case presentation;  (h) attending an administrative trial including

the presentation of direct testimony and preparation for cross examination of witnesses produced at the hearing by the DOE. In addition, plaintiffs' new counsel is now incurring time and disbursements in connection with this action.

247.    Plaintiffs have attempted to resolve this matter informally but have been unable to do so. In fact, the DOE is simply "dragging their feet" in an effort to avoid its obligation to pay legal fees to the parents who successfully prevailed in IDEIA case.

248.    That the plaintiffs have complied with all conditions precedent to the bringing of this action, and has complied with all the provisions of the Charter of the City of New York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon the Comptroller of the City of New York of their intention to sue upon the claim set forth, and more than thirty days have elapsed since the presentation of said Notice of Claim, and that said claim remains unadjusted, and that the Comptroller has failed and/or refused to make any adjustments thereof, and this action has been commenced within the time provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award Plaintiffs' statutory fees and related costs and disbursements from the IDEIA administrative due process matter (b) award plaintiffs their attorneys' fees and related cost and disbursement of this action to be set by this Court, and award plaintiffs such other, further and different relief as the Court deems appropriate under the circumstances

### AS AND FOR A SIXTEENTH CAUSE OF ACTION-TAL KESTENBERG

249.    This action seeks to assess, adjudicate, and fix plaintiff's entitlement to statutorily recoverable attorneys' fees and the related costs and disbursements associated with "substantially prevailing party" status following an administrative due process

proceeding involving the provision of a free and appropriate public education (hereinafter "FAPE") to a handicapped child.   This action is being brought pursuant to the provisions of 20 U.S.C ß 1400 et. seq. more commonly known as the Individuals with Disabilities Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-(G).

250.    This Court has jurisdiction pursuant to 20 U.S.C. §§1415 (i)(3)(A)-(G) and *A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the amount in controversy.

251.    Pursuant to §§ 1415 (i)(3)(A)-(G) plaintiff C.K. should be awarded attorneys' fees and costs as the substantially prevailing party in Case No. 107031 conducted by defendant's Impartial Hearing Office in New York.

252.    Venue properly lies in this district as defendant has offices located in this district.

253.    T.K. is a minor child who should have been classified as eligible to receive special education and related services.  He is, and at all relevant times has been, a student within the Department of Education of the City of New York entitled to all the rights and procedural safeguards, mandated by applicable law and statutes, including but not limited to the IDEIA and the New York State Education Law.

254.    C.K. is the parent of T.K. resides within the areas serviced by the Department of Education of the City of New York.

255.    Plaintiff C.K. and her son T.K. are not expressly named herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

256.    Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education to T.K. pursuant to statutory rights as a student with a disability.

257.    On or about December 27, 2006, plaintiff initiated an administrative due process proceeding against the defendant, in order to secure reimbursement relief, as well as other relief pursuant to the IDEIA.

258.    Following a period of preparation and evidentiary disclosures, and the preparation of a detailed request for a hearing alleging FAPE violations, Nathaniel Kuzma, Esq. from the Law Offices of Neal Howard Rosenberg and Neal Rosenberg, Esq. represented the plaintiff in an evidentiary hearing on June 19, 2007 and September 17, 2007 with all the attendant preparation and incidental follow-up.

259.    By Finding of Fact and Decision dated October 3, 2007, Impartial Hearing Officer Murray J. Diamond, Esq. rendered an award in favor of E.T. establishing plaintiff as the substantially prevailing party in the administrative due process proceeding. The Decision provided for tuition reimbursement for special education. Defendant never appealed from the underlying administrative decision; thus the Decision became final and non-appealable.

260.    Due to plaintiff's status as substantially prevailing party, plaintiff is entitled to attorneys' fee and costs, both from the administrative proceeding and in this action.

261.    The Courts have expressly recognized Neal Rosenberg and the attorneys in his office, as having a special expertise in special education matters and the fees being requested by plaintiff is reasonable and appropriate.

54

262.    Necessary duties involved with preparing E.T.'s case for an administrative hearing included, but were not limited to (a) communicating with the parent and other potential witnesses;  (b) reviewing educational records;  (c) convening telephone conferences;  (d)  writing and filing a detailed impartial due process request;  (e) reviewing and disclosing documentary information relevant to E.T.'s  claims and any potential defenses;  (f)  scheduling and preparing witnesses to testify at the hearing;  (g) developing an effective case presentation;  (h)  attending an administrative trial including the presentation of direct testimony and preparation for cross examination of witnesses produced at the hearing by the DOE.   In addition, plaintiff's new counsel is now incurring time and disbursements in connection with this action.

263.    Plaintiff has attempted to resolve this matter informally but have been unable to do so.  In fact, the DOE is simply "dragging their feet" in an effort to avoid its obligation to pay legal fees to the parents who successfully prevailed in IDEIA case.

264.    That the plaintiff has complied with all conditions precedent to the bringing of this action, and has complied with all the provisions of the Charter of the City of New York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon the Comptroller of the City of New York of their intention to sue upon the claim set forth, and more than thirty days have elapsed since the presentation of said Notice of Claim, and that said claim remains unadjusted, and that the Comptroller has failed and/or refused to make any adjustments thereof, and this action has been commenced within the time provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award Plaintiff's statutory fees and related costs and disbursements from the IDEIA

administrative due process matter  (b) award plaintiff her attorneys' fees and related cost
and disbursement of this action to be set by this Court, and award plaintiff such other,
further and different relief as the Court deems appropriate under the circumstances.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION-PABLO PRUNTY RUSSO

265.    This action seeks to assess, adjudicate, and fix plaintiffs' entitlement to
statutorily recoverable attorneys' fees and the related costs and disbursements associated
with "substantially prevailing party" status following an administrative due process
proceeding involving the provision of a free and appropriate public education (hereinafter
"FAPE") to a handicapped child.   This action is being brought pursuant to the provisions
of 20 U.S.C § 1400 et. seq. more commonly known as the Individuals with Disabilities
Education Improvement Act ("IDEIA"), and in particular, 20 U.S.C. §§ 1415 (i)(3)(A)-
(G).

266.    This Court has jurisdiction pursuant to 20 U.S.C. §§1415 (i)(3)(A)-(G) and
*A.R. v. N.Y. City Dep't of Education*, 407 F.3d 65 (2nd Cir. 2005), without regard to the
amount in controversy.

267.    Pursuant to §§ 1415 (i)(3)(A)-(G) plaintiffs B.P. and T.R. should be
awarded attorneys' fees and costs as the substantially prevailing party in Case No. 100809
conducted by defendant's Impartial Hearing Office in New York.

268.    Venue properly lies in this district as defendant has offices located in this
district.

269.    P.P.R.. is a minor child who should have been classified as eligible to
receive special education and related services.  He is, and at all relevant times has been, a
student within the Department of Education of the City of New York entitled to all the

rights and procedural safeguards, mandated by applicable law and statutes, including but not limited to the IDEIA and the New York State Education Law.

270.    B.P. and T.R. are the parents of P.P.R. reside within the areas serviced by the Department of Education of the City of New York.

271.    Plaintiffs B.P. and T.R. and their son P.P.R. are not expressly named herein by their given names because the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act, 20 U.S.C. § 1232 (g) and 34 C.F.R. 99.

272.    Defendant is a local educational agency that continues to have the responsibility to provide a free and appropriate public education to P.P.R.  pursuant to statutory rights as a student with a disability.

273.    On or about August 9, 2005, plaintiff initiated an administrative due process proceeding against the defendant, in order to secure continued educational services, as well as other relief pursuant to the IDEIA.

274.    Following a period of preparation and evidentiary disclosures, and the preparation of a detailed request for a hearing alleging FAPE violations, Alexandra Hindes Esq. from the Law Offices of Neal Howard Rosenberg represented the plaintiff in an evidentiary hearing on September 1, 2005 and March 29, 2006 with all the attendant preparation and incidental follow-up.

275.    By Finding of Fact and Decision dated April 17, 2006, Impartial Hearing Officer Christine Moore, Esq. rendered an award in favor of P.P.R. establishing plaintiff as the substantially prevailing party in the administrative due process proceeding.  The Decision provided for the continuation of special education.  Defendant never appealed from the underlying administrative decision; thus the Decision became final and non-

appealable.

276.    Due to plaintiffs' status as substantially prevailing party, plaintiff is entitled to attorneys' fee and costs, both from the administrative proceeding and in this action.

277.    The Courts have expressly recognized Neal Rosenberg and the attorneys in his office, as having a special expertise in special education matters and the fees being requested by plaintiffs are reasonable and appropriate.

278.    Necessary duties involved with preparing P.P.R.'s case for an administrative hearing included, but were not limited to (a) communicating with the parents and other potential witnesses;  (b) reviewing educational records;  (c) convening telephone conferences;  (d)  writing and filing a detailed impartial due process request;  (e) reviewing and disclosing documentary information relevant to P.P.R's claims and any potential defenses;  (f)  scheduling and preparing witnesses to testify at the hearing;  (g) developing an effective case presentation;  (h)  attending an administrative trial including the presentation of direct testimony and preparation for cross examination of witnesses produced at the hearing by the DOE.   In addition, plaintiff's new counsel is now incurring time and disbursements in connection with this action.

279.    Plaintiffs have attempted to resolve this matter informally but have been unable to do so.  In fact, the DOE is simply "dragging their feet" in an effort to avoid its obligation to pay legal fees to the parents who successfully prevailed in IDEIA case.

280.    That the plaintiff has complied with all conditions precedent to the bringing of this action, and has complied with all the provisions of the Charter of the City of New York, and that prior to the bringing of this action, the Plaintiff(s) duly served notice upon

the Comptroller of the City of New York of their intention to sue upon the claim set forth, and more than thirty days have elapsed since the presentation of said Notice of Claim, and that said claim remains unadjusted, and that the Comptroller has failed and/or refused to make any adjustments thereof, and this action has been commenced within the time provided for in the statute and act thereof.

WHEREFORE, by reason of the foregoing, this Court should (a) fix and award Plaintifs's statutory fees and related costs and disbursements from the IDEIA administrative due process matter  (b) award plaintiffs their attorneys' fees and related cost and disbursement of this action to be set by this Court, and award plaintiffs such other, further and different relief as the Court deems appropriate under the circumstances

Dated:  New York, New York
        February 27, 2008


                              Respectfully submitted,


                                  Stewart Lee Karlin, Esq.
                              Stewart Lee Karlin, Esq. (SK3720)
                              Attorney for Plaintiff
                              9 Murray Street, Suite 4 West
                              New York, N.Y. 10007
                              (212)  732-9450

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing amended complaint was served by depositing a true copy in a post-paid wrapper in an official depository under the exclusive care and custody of U.S. Postal Service via first class mail within New York State to to Assistant Corporation Counsel Michael Suarez, Corporation Counsel 100 Church Street, New York, New York, 10007 on this 29th day of February, 2008

                                     S/Stewart Lee Karlin, Esq.
                                     STEWART LEE KARLIN, ESQ.